PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (973) 549-2532



ADMITTED IN:  NJ, NY, SC, DC, AND PA

ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA, FLOOR 28
NEW YORK, NY 10004
WWW.GRSM.COM

**MEMO ENDORSED**

May 27, 2022

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/27/2022
```

<u>**VIA ECF**</u>

Judge Valerie E. Caproni, U.S.D.J.
United States District Court for the
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

   Re: *Angela Germaine Rucker, et al, v. IQ Data International, Inc.*
     <u>**Case No.: 1:22-cv-00717-VEC**</u>

Dear Judge Caproni:

   This firm represents IQ Data International, Inc. ("IQ Data") in the above-referenced action. IQ Data writes to request that Angela Rucker's and Stephen Rucker's May 18, 2022 Amended Pleading and May 26, 2022 Opposition to Motion for Fees be struck as they are deficient, untimely, and filed in violation of this Court's Orders. ECF No. 48, 49. Alternatively, IQ Data requests the Court revise its scheduling Orders entered on April 20, 2022 and May 17, 2022 relating to Plaintiffs' deadline to file a compliant amended pleading, IQ Data's responsive pleading deadline, and IQ Data's deadline to file a reply in support of its Motion for Fees. ECF No. 42, 47.

   As this Court is aware, IQ Data filed a Motion for Attorneys' Fees and Costs on April 18, 2022. ECF No. 39. On April 20, 2022, the Court entered a briefing schedule stating "Plaintiff's deadline to oppose Defendant's motion for attorneys' fees is adjourned to <u>May 20, 2022</u>. Defendant's reply is adjourned to May 27, 2022." ECF Doc. No. 42. Plaintiffs failed to file their opposition by May 20th and, instead, waited until <u>six days after</u> the Court's deadline to file an opposition. ECF No. 49. Importantly, Plaintiffs waited to file their opposition until the afternoon before IQ Data's reply brief was due. Plaintiffs failed to provide any explanation to counsel or the Court for this lengthy delay. As such, their opposition should be disregarded entirely.

   Plaintiffs have a history of ignoring this Court's deadlines.[1]  This Court's April 20, 2022 Order set a deadline of May 13, 2022 for Plaintiffs to file their amended pleading. ECF No. 42. Plaintiffs failed to comply with this Order and, instead, filed a defective amended pleading on May 16, 2022. ECF No. 43. The Court ultimately extended the deadline for Plaintiffs to file a corrected amended pleading and directed Plaintiffs to include a compliant document showing the redlined

---

[1] Plaintiffs' counsel also has a history of unilaterally filing letter motions with this Court, claiming he emailed Defendant for consent but Defendant had not responded. Plaintiffs' counsel conveniently fails to explain that he files these letter motions within minutes of emailing defense counsel regarding same.  *See* ECF. No. 44, 41, 30.

changes to the complaint. ECF No. 47. The Court gave Plaintiffs until May 18, 2022 to file this redlined pleading. ECF. 47. In its Order, the Court noted that it "will be unlikely to grant any further extensions requested by Plaintiffs absent extenuating circumstances." *See id*.

Despite this, Plaintiffs filed a wholly deficient amended pleading on May 18, 2022. ECF Doc. No. 48. The amended pleading 'with redlines' filed by Plaintiffs is unintelligible. Attached hereto as Exhibit A is a copy of this filing. The entirety of the pleading – including information clearly contained in the original pleading such as the presiding court, case caption and counsel's signature lines – is all in redline. Given that Plaintiffs failed to utilize this Court's extension of time and provide a meaningful way for IQ Data and the Court to discern the changes made to the complaint, the deficient amended pleading must be struck and Plaintiffs should not be allowed further time to amend.[2]

Plaintiffs have repeatedly and inexcusably failed to comply with numerous deadlines set by the Court. Such neglect has caused harm and prejudice to IQ Data and has needlessly wasted this Court's valuable time and resources. Accordingly, IQ Data requests Plaintiffs' May 18, 2022 Amended Pleading and May 26, 2022 Opposition to IQ Data's Motion for Attorneys' Fees and Costs. In the event this Court allows Plaintiffs more time to comply with the Court's prior order, IQ Data requests this Court order Plaintiffs to file a properly redlined amended pleading and extend the time IQ Data has to file a responsive pleading. Additionally, if this Court does not strike Plaintiffs' untimely opposition to IQ Data's Motion for Attorneys' Fees and Costs, IQ Data requests 7 days to file its reply to Plaintiffs' opposition.

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI LLP

*/s/Peter G. Siachos*

PETER G. SIACHOS

cc: All Counsel of Record (via ECF)

---

Application GRANTED in part. Plaintiffs' filing at Dkt. 48 is hereby STRICKEN. Plaintiffs must file a compliant amended complaint in accordance with the Undersigned's Individual Rules by no later than **May 31, 2022**. Defendant's deadline to respond to Plaintiffs' amended complaint is extended to **June 13, 2022**. Plaintiffs' opposition to Defendant's motion for attorneys' fees at Dkt. 49 is hereby STRICKEN from the record and will not be considered. Plaintiffs' counsel is warned that any future failure to comply with this Court's orders may result in sanctions.

SO ORDERED.

*[signature: Valerie Caproni]*

Date: 5/27/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

[2] The amended pleading also does not cure the deficiencies raised in IQ Data's motion to dismiss for lack of jurisdiction and improper venue, as Plaintiffs do not allege that they live in New York or that IQ Data contacted them while they were living in New York.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA GERMAINE RUCKER and STEPHEN EDWARD RUCKER, <br><br> Plaintiffs, <br><br> v. <br><br> I.Q. DATA INTERNATIONAL, INC., <br><br> Defendant. | Civil Action No.: 1:22-cv-00717-VEC <br><br> **AMENDED COMPLAINT** <br><br> **JURY DEMAND** |

## INTRODUCTION

1. Plaintiffs ANGELA GERMAINE RUCKER ("Mrs. Rucker") and STEPHEN EDWARD RUCKER ("Mr. Rucker") (hereinafter both referred to as the "Plaintiffs") for their Amended Complaint against Defendant I.Q. DATA INTERNATIONAL, INC. (the "Defendant") allege:

2. Plaintiffs file this civil action against Defendant based on defamation, negligence, negligence per se, and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION

3. This is a civil action arising under the laws of the United States.

4. 28 U.S.C. § 1331 provides that "[t]he district court shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States."

5. Therefore, this Court has jurisdiction over this action under 28 U.S.C. § 1331.

6. This civil action arises under the FDCPA, which is an Act of Congress regulating commerce.

7. 28 U.S.C. § 1337(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce[.]"

8. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1337(a).

9. Plaintiffs' defamation, negligence, and negligence per se state law claims against Defendant are so related to the FDCPA claim in this action that they form part of the same case or controversy under Article III of the United States Constitution.

1

10. 28 U.S.C. § 1367 provides, in pertinent part, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

11. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law defamation, negligence, and negligence per se claims under 28 U.S.C. § 1367(a).

## VENUE

12. Defendant is an entity with the capacity to sue and be sued in its common name.

13. Defendant is incorporated.

14. Defendant is registered with the New York Department of State ("NY DOS").

15. Defendant's initial NY DOS filing date was 05/17/2007.

16. Defendant lists "New York" as its County in its NY DOS filing.

17. Defendant's NY DOS identification number is 3519063

18. Defendant's NY DOS entity status is "Active."

19. Defendant's NY DOS Next Statement Due Date is 05/31/2023.

20. Defendant has been doing ongoing business in this judicial district since May 2007 to date.

21. Defendant's ongoing and continuous business activities in this district constitute minimum contacts in this district and subject Defendant to the personal jurisdiction under this Court.

22. Plaintiffs are unable to obtain housing in this district due to Defendant's alleged conduct.

23. Plaintiffs are unable to obtain credit opportunities in this district due to Defendants' conduct.

24. Defendant resides in this judicial district.

25. 28 U.S.C. § 1391(b)(1) provides, "VENUE IN GENERAL. -A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"

26. 28 U.S.C. § 1391(c)(2) provides, in pertinent part, "RESIDENCY. -For all venue purposes- . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not

incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to this court's personal jurisdiction with respect to the civil action in question[.]"

27. Therefore, venue is proper in this court under 28 U.S.C. § 1391(b)(1).

**THE PARTIES**

**Plaintiffs**

28. Plaintiffs are natural persons.

29. Plaintiffs are individuals.

30. Plaintiffs are allegedly obligated to pay an alleged debt or obligation arising out of a transaction in which the money or services were for personal, family, or household purposes.

31. 15 U.S.C. § 1692a(3) provides, "[t]he term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."

32. Plaintiffs are "consumer[s]" as defined under 15 U.S.C. § 1692a(3), the FDCPA.

**Defendant**

33. Defendant uses instrumentalities of interstate commerce or mail in their business the principal purpose of which is the collection of consumer debts or regularly attempts to collect such debts.

34. Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

35. 15 U.S.C. § 1692a(6) provides, in pertinent part, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

36. Therefore, Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a(6), the FDCPA.

**FACTUAL ALLEGATIONS**

37. Defendant frequently attempted to collect $22,909.14 from Plaintiffs within the last 1 year.

38. Defendant communicated to consumer reporting agencies ("CRAs") that Plaintiffs are liable to it for $22,909.14, which is a false because Plaintiffs are not liable to Defendant for said sum.

3

39. Plaintiffs are not liable to Defendant for 22,909.14 by any agreement.

40. Plaintiffs are not liable to Defendant for 22,909.14 by any law.

41. The CRAs that Defendant communicated the false statements to regarding Plaintiff per above, include, but are not limited to, Equifax, Experian, and TransUnion, which are their tradenames.

42. Defendant's acts proximately caused Plaintiffs costs, loss of credit opportunities, and stress.

43. Defendant's conduct breached its duty to Plaintiffs under the FDCPA and N.Y. GBL § 601.

44. Defendant breached its duty to Plaintiff to comply with 15 U.S.C. §§ 1692e(2), 1692e(8) and 1692f(1).

### COUNT I - Defamation

45. Plaintiffs reallege their allegations contained above in paragraphs 1 through 44 verbatim.

46. Defendant's statement to CRAs stating that Plaintiff's owe it $22,909.14 is a false statement.

47. The CRAs that Defendant published the false statement(s) to are third parties without privilege.

48. The CRAs that Defendant published the false statement(s) to are third parties without authorization.

49. Defendant's false statements made to CRAs concerning Plaintiffs caused Plaintiffs damages.

50. Defendant published these false statements to CRAs concerning Plaintiff with the last one (1) year

51. Therefore, Defendant is liable to Plaintiffs for defamation.

### COUNT II - Negligence

52. Plaintiffs reallege their allegations contained above in paragraphs 1 through 51 verbatim.

53. Defendant has a duty to Plaintiffs as provided in the FDCPA and N.Y. GBL § 601.

54. Defendant breached its duty to Plaintiffs by way of its alleged conduct as outlined above herein.

55. Defendant's conduct has caused Plaintiffs damages as outlined in detail above, *inter alia*.

56. Plaintiff's damages are a direct and proximate result of Defendant's breach of its duties to Plaintiff under the FDCPA and N.Y. GBL § 601.

57. Therefore, Defendant is liable to Plaintiffs for negligence.

### COUNT III – Negligence per se

58. Plaintiffs reallege their allegations contained above in paragraphs 1 through 57 verbatim.

59. Defendant has a duty to Plaintiffs as provided in N.Y. GBL § 601.

4

60. Defendant's duty to Plaintiffs arises under a state, i.e., New York, statute, in N.Y. GBL § 601.

61. Defendant breached its duty to Plaintiffs by way of its alleged conduct as outlined above herein.

62. Defendant's conduct has caused Plaintiffs damages as outlined in detail above, *inter alia*.

63. Plaintiff's damages are a direct and proximate result of Defendant's breach of its duties to Plaintiff under N.Y. GBL § 601.

64. Therefore, Defendant is liable to Plaintiffs for negligence per se.

### COUNT IV – Violation of the Fair Debt Collection Practices Act

65. Plaintiffs reallege their allegations contained above in paragraphs 1 through 64 verbatim.

66. Plaintiffs' are "consumer[s]" as defined under the FDCPA.

67. The subject alleged debt is a "debt" as defined under the FDCPA.

68. Defendant is a "debt collector" as defined under the FDCPA.

69. Defendant by way of its alleged conduct as detailed herein, falsely represented to Plaintiffs, and/or CRAs, the character, amount, or legal status of the subject alleged $22,909.14 debt.

70. Therefore, Defendant is liable to Plaintiffs for violation of 15 U.S.C. § 1692e(2), the FDCPA.

71. Defendant by way of its alleged conduct as detailed herein, communicated to CRA(s) credit information allegedly concerning Plaintiffs that it knew or which it should have known to be false, including, but not limited to, the failure to communicate that a disputed debt is disputed.

72. Therefore, Defendant is liable to Plaintiffs for violation of 15 U.S.C. § 1692e(8), the FDCPA.

73. Defendant by way of its alleged conduct as detailed herein, attempted to collect $22,909.14 from Plaintiffs, although said amount is not expressly authorized by any agreement allegedly creating the alleged debt or otherwise permitted by law.

74. Therefore, Defendant is liable to Plaintiffs for violation of 15 U.S.C. § 1692f(1), the FDCPA.

### REQUEST FOR RELIEF AND TRIAL BY JURY

75. Wherefore, Plaintiffs demand a trial by jury and judgment against Defendant for (a) actual damages, (b) punitive damages, (c) statutory damages, (d) costs of this action, (e) reasonable attorney's fees, as applicable, and (f) such other further relief as this court deems just or proper.

Case 1:22-cv-00717-VEC Document 54 Filed 05/18/22 Page 6 of 8

                Respectfully submitted,

Dated: New York, New York
   May 16, 2022         Brian L. Ponder, Esq. (BP0696)
                 BRIAN PONDER LLP
                 200 Park Avenue, Suite 1700
                 New York, New York 10166
                 Telephone: (646) 450-9461
                 Facsimile: (646) 607-9238 (not for service)
                 Email: brian@brianponder.com (not for service)
                 ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ANGELA GERMAINE RUCKER and STEPHEN EDWARD RUCKER, Plaintiffs, v. I.Q. DATA INTERNATIONAL, INC., Defendant. | Civil Action No.: 1:22-cv-00717-VEC  **CERTIFICATE OF SERVICE** |
|---|---|

I certify that a copy of the foregoing was served upon Defendant via CM/ECF.

Respectfully submitted,

Dated: New York, New York
May 16, 2022          Brian L. Ponder, Esq. (BP0696)

**Deleted:**

To the above-named Defendant:

**I.Q. DATA INTERNATIONAL, INC.**
c/o CORPORATION SERVICE COMPANY 80 STATE STREET
ALBANY, NY 12207-2543

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is CPLR 503(c) based on Defendant's residence in New York County.

Respectfully submitted,

Dated: New York, New York
January 4, 2022   Brian L. Ponder, Esq. BRIAN PONDER LLP
200 Park Avenue, Suite 1700 New York, New York 10166 Telephone: (646) 450-9461
Facsimile: (646) 607-9238 (not for service)
Email: brian@brianponder.com (not for service) ATTORNEY FOR PLAINTIFF

<#>Plaintiffs ANGELA GERMAINE RUCKER and STEPHEN EDWARD RUCKER ("Plaintiffs") against Defendant I.Q. DATA INTERNATIONAL, INC. ("Defendant") allege: ... [1]

7

Page 7: [1] Deleted	Brian Ponder	5/18/22 11:06:00 PM

ANGELA GERMAINE RUCKER and
STEPHEN EDWARD RUCKER,

                              Index No.
                  Plaintiffs,